# JANUARY TERM, 1869, AT LANSING.

---

## Truman W. Spencer v. Wallace Towles.

*Agency: Money had and received: Agreement: Minor's bounty.* Where, by arrangement with a father and his minor son, a third person undertook to obtain, without charge, the highest enlistment bounty attainable, and pay it over to the father, and did actually receive a bounty and paid over a part under pretence that it was the whole, having received no new instructions from any one, he was held liable to an action for the balance by the father, for money had and received.

His conduct in obtaining the money made him an agent, whether he could have been compelled to assume the agency or not, and he was then bound to carry out his original instructions, unless waived or countermanded.

The action for money had and received does not depend upon any preliminary agreement, but upon the receipt of money, by one, that he is bound to pay over to another.

*Heard January 9th. Decided January 11th.*

Error to Ingham Circuit.

This was an action to recover certain money collected by defendant for plaintiff on account of bounty money received by the former, for the enlistment of the latter's son in the army.

Judgment was rendered in favor of defendant below.

The facts are stated in the opinion.

*Dart & Wiley,* for plaintiff in error.

*Crane & Montgomery* and *H. A. Shaw,* for defendant in error

17 MICH.—B.

CAMPBELL J.

Plaintiff sued defendant for money had and received under the following circumstances, as found by the court below.

On September 2, 1864, plaintiff gave his written consent that his son, Truman A. Spencer, who was under eighteen years, might enlist into the military service of the United States, and on the following day the son did enlist and was duly enrolled and sworn. After plaintiff had given his consent to his son's enlistment, it was agreed between the parties that the defendant should not charge for commissions, and as the boy was young, the plaintiff requested defendant to obtain the highest bounty he could for the son, and the defendant agreed to do so, and that as he was going to return the following day he would bring the bounty to the plaintiff. On September 3, defendant secured as the bounty of Truman A. Spencer (he being credited to the quota of the township of Dansville, or Ingham) the sum of $450, and on the following day paid the son five dollars of the same, and brought and paid to plaintiff $320, as the bounty for the son's enlistment. This action is brought to recover the remaining $125. The court below found as a fact that the consent of plaintiff to let his son enlist was not upon the consideration that defendant would procure and pay over the bounty. The conclusions of law on these facts were that no recovery could be had under the special count; that the bounty belonged to the son alone, and that plaintiff could not recover at all.

We think the facts entitle plaintiff to a judgment. It is found that the agreement that defendant should obtain the bounty and pay it over to the plaintiff was by the joint consent of all parties. It was not, so far as appears, an agreement which would have been valid in law to compel him to undertake the agency, had he seen fit to decline.

The action for money had and received does not depend upon any preliminary agreement, but upon the receipt of money by one that he is bound to pay to another. When he acted upon this original understanding, defendant assumed an agency; and when he received the money he was bound to pay it over, as he had been originally instructed, unless relieved from that liability by new instructions from some one authorized to make the change in the arrangement. He was, therefore, bound to pay the money to the father unless he was otherwise directed. It makes no difference whether the father was to receive the money for himself or as trustee for his son. Had the son countermanded the order it would then have become necessary to ascertain whether he or his father really owned the fund. But no such action was attempted. A part of the money was paid to the son, and the correctness of this payment is not disputed. A part of the remainder was paid to the father as the bounty received. Instead of acting in the son's behalf in refusing to pay over the money, defendant pretended that he was paying all, when he was fraudulently withholding a part. The son, if he owned the money, had preferred his father's trusteeship to that of defendant; and it would not be desirable to encourage such volunteer guardianship over the interests of minors as the defendant has here assumed.

There is no room for any favorable construction of his conduct. He misrepresented the amount of the bounty, and his chances of concealment could only have arisen from the failure of the young soldier to come back again. It would be ridiculous to entertain the idea that this action was meant for the son's benefit; and it does not purport to have been done by his authority.

Judgment below must be reversed, and judgment rendered on the finding for $163.12, and costs of both courts.

The other justices concurred.