### John Atkinson v. Sophia Scott.

*Land contracts: Conveyance by vendor to third person: Rescission: Consideration paid.* Where a party under contract to sell lands to one, conveys the same without his consent to another, the original vendee is clearly entitled to regard his contract as rescinded by his vendor, and is entitled to have restored what he had paid upon the contract, subject to such deductions as equity should require.

ATKINSON *v.* SCOTT.

*Money had and received: Equitable action.* The action for money had and received is an equitable action and must be subject to equitable principles.

*Question of fact: Conflict of evidence: Taking question from jury.* In an action by the vendee in a land contract against his vendor, to recover back the purchase money paid, the vendor having conveyed the premises to a third person, where there is a conflict of evidence as to whether this conveyance was by the consent of such vendee, it is error for the court to take the question away from the jury and to direct them to find for the defendant.

*Heard January 17.     Decided January 23.*

Error to Superior Court of Detroit.

*James T. Keena, Atkinson & Atkinson* and *H. M. Cheever,* for plaintiff in error.

*Ward & Palmer,* for defendant in error.

CAMPBELL, J:

This is an action to recover money paid by Atkinson upon a contract afterwards rescinded, as he alleges, by Mrs. Scott.

In February, 1873, Atkinson agreed in writing to purchase from Mrs. Scott a house and lot for eight thousand four hundred and seventy-five dollars, of which four hundred and seventy-five dollars was paid down, and the remainder provided for as follows: five hundred dollars and interest, July 31st, 1873, one thousand dollars and interest, May 1st, 1874, and five hundred dollars and interest, July 31st, 1874, all of these being secured by collaterals. For the remainder, he was to assume two mortgages on the premises, held by the Springfield Savings Bank, of six thousand dollars, and procure the release therefrom of certain adjoining premises, by November 22d, 1873, as well as pay taxes and insurance.

On the 13th of April, 1874, Atkinson made a written agreement with Joseph P. Whittemore to sell him the property for eight thousand five hundred dollars, of which five hundred dollars was to be paid down, two thousand dollars with interest on delivery of deed or assignment of contract,

payable by a note of George H. Prentis, due June 18th, 1875, secured by mortgage, and endorsed by Whittemore, and the assumption, with interest from date, of the two mortgages of six thousand dollars.

Atkinson paid the note due July 1st, 1873, of five hundred dollars and interest, and paid five hundred and eighty-six dollars interest on the mortgages. Whittemore paid Atkinson the first payment due him of five hundred dollars, and on the 6th day of July, 1874, paid three hundred dollars interest on the mortgages.

On the 3d of August, 1874, Mrs. Scott, at Whittemore's request, conveyed the premises to his wife, Mrs. Kate A. Whittemore, and she gave a mortgage back to Mrs. Scott, for one thousand six hundred and forty-eight dollars and seventy-five cents, being the two last installments which were due from Atkinson to Mrs. Scott, and gave as collateral thereto a note of George H. Prentis, for two thousand dollars, and paid the bank one hundred and twenty-eight dollars and sixty cents, for taxes and insurance before advanced by them, and made a further payment on the mortgage of one thousand one hundred and four dollars, and obtained a release of the lot which was to have been released under the Atkinson purchase from Mrs. Scott.

Atkinson, after making his purchase, received rent from a tenant while not occupying the premises himself, and when he sold to Whittemore, he put the latter in possession.

It was claimed, but contradicted, that Atkinson had, in consequence of urgency from Mrs. Scott for settlement, consented to arrangements whereby the property was to be conveyed to Whittemore.

If the conveyance was made by Mrs. Scott to Mrs. Whittemore without Atkinson's consent, he was clearly entitled to regard the contract as rescinded by Mrs. Scott, and entitled to be restored what he had paid upon the contract, subject to such deductions as equity should require. She could not terminate the contract and still retain the consideration. But on the other hand, Atkinson would be bound

ATKINSON *v.* SCOTT.

to allow, by way of reduction, such legally ascertained benefits as he had received and retained. The action for money had and received is, as frequently decided by this court, an equitable action, and must be subject to equitable principles.—*Beardslee v. Horton, 3 Mich., 560; Spencer v. Towles, 18 Mich., 9; Moore v. Mandlebaum, 8 Mich., 433; Catlin y. Birchard, 13 Mich., 110; Blackwood v. Brown, 34 Mich., 4.*

He was not bound to convey the land or assign the contract to Whittemore, without receiving securities to the amount of two thousand dollars, and there was no contract whatever between him and Mrs. Whittemore. There was no condition of things which would make it proper for Mrs. Scott to convey the land to either without Atkinson's consent.

Although there was contradictory testimony on this point, the court directed the jury to find for the defendant below, Mrs. Scott. This left all the other questions undecided, and we are not informed what view might have been taken of them, or how the account would have stood, had the action been allowed to go to the jury. It would therefore be out of place for us to decide what allowances should be made on either side. The case should have gone to the jury, under proper directions, and they should have found such balance as Atkinson was entitled to under all the facts, unless they found he had consented to the conveyance to Mrs. Whittemore.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.