## HARVEY WEAVER v. WILLIAM AITCHESON.

*Contract for sale of land—Rescission by vendor—Action to recover money paid—Statute of frauds.*

1. Defendant contracted with plaintiff for the sale of 40 acres of land, the purchase price to be paid in installments, two of which were paid according to the contract. Just prior to the second payment the defendant deeded the land to a third party, and a few days after the third payment matured plaintiff brought suit to recover the money paid and interest, never having had possession of the land.

   *Held,* that, when the defendant deeded away the property under the circumstances stated, the plaintiff had a right to treat the contract as rescinded, and had no occasion to act in the premises before the next payment became due. *Atkinson v. Scott,* 36 Mich. 18.

2. In such a case an attempted renewal of the contract by a verbal agreement to secure a reconveyance of the land to defendant, when he should deed to plaintiff, was of no validity, being within the statute of frauds.

Error to Tuscola. (Beach, J.) Argued January 13, 1887. Decided April 14, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*T. W. Atwood,* for appellant.

*Black, Gray & Corcoran,* for plaintiff.

SHERWOOD, J. This is an action of assumpsit, brought by plaintiff against the defendant to recover back money paid on a contract for the sale of land.

The defendant sold by contract to the plaintiff 40 acres of land, lying in the township of Novesta, in the county of Tuscola, for the sum of $400, to be paid as follows: $50 on the execution of the contract; $100 on the first day of February, 1885; $100 February 1, 1886; $100 February 1, 1887; and $50 August 1, 1887. The first two payments were made according to the conditions of the contract.

On the twenty-sixth day of January, 1885, without the knowledge or consent of the plaintiff, defendant conveyed the land to Alfred B. Campbell.

On the eighteenth day of February, 1886, the plaintiff, treating the contract as broken and rescinded by the defendant, brought this suit against him to recover the money paid, and interest thereon. The plaintiff never had possession of the land.

It was conceded by the defendant's counsel upon the trial that the defendant was guilty of a breach of the contract in making his deed of the land to Campbell, and it was further conceded by the parties that $183.50 was the amount of principal and interest paid by plaintiff upon the contract. It was also conceded by defendant's counsel upon the trial that if the verbal arrangement claimed by the defendant as made with plaintiff's agent, by which the defendant was to procure a reconveyance of the property from Campbell to him, and place the same on record, and then the plaintiff was to accept a deed from the defendant, and pay him the balance of the unpaid purchase money, was not a defense, then the defendant had none.

The court instructed the jury to find for the plaintiff, and assess his damages at the sum of $183.50, and the verdict and judgment rendered thereon were entered accordingly.

Defendant brings error, and claims that, when the plaintiff was informed that defendant had conveyed the land to Campbell, he had a choice of two remedies: To sue for damages for the breach of the contract, or treat the contract as rescinded, and recover the money paid upon it, and that he has brought suit to recover the money paid, without having made the election, and without having treated the contract as rescinded, and that bringing suit cannot be regarded as an election,—that it comes too late. It is also further claimed by counsel for defendant that the plaintiff waived the breach of contract in his negotiations by his agent with defendant.

When the defendant deeded away the property under the circumstances stated, the plaintiff had a right to treat the contract as rescinded, and he had no occasion to act in the premises before the next payment became due. *Atkinson v. Scott*, 36 Mich. 18.

The attempted negotiation for a renewal of the contract, or rather a resale of the property, occurred when the defendant had not the title to the land; and the contract was never concluded by the parties, and, in any event, was of no validity, it being within the statute of frauds. *Cook v. Bell*, 18 Mich. 387; *Abell v. Munson*, Id. 306; *Rawdon v. Dodge*, 40 Id. 697; *Wetmore v. Neuberger*, 44 Id. 362; *Raub v. Smith*, 61 Id. 543; *Russell v. Myers*, 32 Id. 522; *Colgrove v. Solomon*, 34 Id. 494. It was under this treaty between the defendant and plaintiff's agent that the waiver was claimed. That arrangement having failed, no waiver can properly be claimed; and the ruling of the court striking out the testimony tending to show the agreement was entirely proper.

We think the learned circuit judge took the correct view of the case, and the judgment directed by him must be affirmed.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. MORSE, J., did not sit.