Damon v. Weston.

7. New trial: verdict justified.

## DAMON v. WESTON.

1. **Vendor and Vendee:** ABSOLUTE OR OPTIONAL SALE: BREACH: PLEADING AND EVIDENCE: TENDER. Where there is an absolute sale of land with an agreement to convey upon a certain day upon payment of the price, but before that day the vendor conveys it to another, and thus puts it out of his power to convey to the vendee, the latter, in an action for damages, need not allege nor prove that he was able and offered to perform on his part on the day named; but if the agreement was a mere option to the vendee to purchase, or if the conveyance to the third party was conditional, so that it was not out of the power of the vendor to convey to the vendee, and the vendee was informed of that fact, then, to give the vendee a right of action, he must have tendered performance on his part on the day named.

2. ———— : VALUE OF LAND : CROSS-EXAMINATION. Where a witness has testified to the value of land on a certain day, it is proper cross-examination to ask him what it is worth at the time of trial, for the purpose of showing the value of his opinion.

3. ———— : FAILURE TO CONVEY : EVIDENCE. In an action for a breach of contract to convey, where the defendant had conveyed to another prior to the day set for payment by and conveyance to plaintiff, defendant was properly permitted to show a verbal promise on the part of his grantee to reconvey, and there was no error in refusing to allow plaintiff to show that the grantee had not placed his deed in escrow.

*Appeal from Pottawattamie District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MAY 9, 1889.

ACTION to recover damages for an alleged breach of contract for the sale of real estate. Trial to a jury. Verdict and judgment for defendant. Plaintiff appeals.

The plaintiff alleges a verbal contract by which, on the first day of February, 1887, he purchased from defendant the land described at the agreed price of five

thousand dollars, twenty dollars of which was to be and was paid in cash ; nine hundred and eighty dollars to be paid February 5, 1887 ; two thousand dollars in six, and two thousand dollars in twelve months,—with interest,—the last two payments to be evidenced by notes, and secured by mortgage upon the land ; the defendant to deed the land to the plaintiff upon payment of the nine hundred and eighty dollars, on February 5. The plaintiff further alleges that he would have been ready and willing to pay the nine hundred and eighty dollars, and to otherwise execute the contract, on the fifth of February ; that, on the second day of February, the defendant sold and conveyed said land to George N. Keeline, and thereby put it out of his power to convey to the plaintiff according to said agreement. Therefore the plaintiff says he is damaged five thousand dollars, which he asks to recover.

The defendant admits that he received the twenty dollars from the plaintiff, but denies that it was upon a contract of purchase and sale. He avers that it was for the privilege of an option on said land at the price and on the terms named, until the fifth day of February, 1887 ; that the plaintiff has never exercised said option ; that the deed to Mr. Keeline was upon the express condition that it was not to become operative except in the event that the plaintiff failed to purchase the land ; that, on the fifth day of February, the defendant and Keeline were able, ready and willing to deed said land to the plaintiff upon the terms, but that, immediately upon the recording of the deed to Keeline, the plaintiff did not make any preparations to purchase said lands, and was not on the fifth day of February able to perform said contract.

*L. W. Ross* and *Henry Ford*, for appellant.

*Wright, Baldwin & Haldane*, for appellee.

GIVEN, C. J.—I. The plaintiff rests his right to recover upon the claim that the agreement between him

**1. VENDOR and vendee: absolute or optional sale: breach: pleading and evidence: tender.** and the defendant was absolute, and that the defendant put it out of his power to perform by conveying the land to Keeline. If such was the case, it was not necessary for the plaintiff to allege or prove that he was able to and offered to perform the agreement on his part. He only alleged that he would have been ready and willing to perform had it not been for the convey-ance to Keeline. There is no allegation that he was able and willing, or that he tendered performance, nor was such allegation necessary upon his theory of the case. The court very properly directed the jury to first determine whether the agreement was absolute or optional, and then proceeded to instruct them as to the rights of the parties in either event ; saying that, if the agreement was an option, or if the conveyance to Keeline was conditional, so that it was not out of the power of the defendant to convey to the plaintiff, and the plaintiff was informed of that fact, then, to give the plaintiff the right of action, he must have tendered performance on his part ; and, as no tender of performance had been made, the plaintiff could only recover upon finding that the agreement was absolute, and that the conveyance to Keeline was without condition, or, if conditional, that the plaintiff was not informed thereof. There was no error in excluding the testimony offered as to plaintiff's ability and willingness to perform the agreement, nor of the evidence offered by the defendant tending to show inability or unwillingness on the part of the plaintiff to perform the agreement. The cross-examination referred to did not have that tendency.

II.   On the cross-examination of the witness intro-duced by the plaintiff to prove the value of the land on **2. ——: value of land : cross-examination.** the fifth day of February, the court per-mitted defendant, over plaintiff's objection, to ask what the land was then worth. This was proper cross-examination, for the purpose of estab-lishing the weight that should be given to the judg-ment of the witness, and, under the plain instruction

given as to the measure of damage, it could not have been misunderstood to the plaintiff's prejudice.

III.   The court instructed the jury, in effect, that if the deed was made to Keeline under an arrangement that he should reconvey in case the plaintiff elected to take the land, and the defendant was, by virtue of this arrangement, in a condition where he could still perform his contract, and convey the land to plaintiff, and this was made known to the plaintiff before the fifth day of February, then such conditional transfer to Keeline would not relieve the plaintiff of the necessity of offering the balance of the purchase money within the time agreed on in order to maintain this action.  This instruction was properly given, and hence there was no error in permitting defendant, against the objection of the plaintiff, to introduce evidence tending to show a verbal promise by Keeline to reconvey, nor refusing to allow the plaintiff to show that Keeline had not placed his deed for that purpose in escrow.

*3. ——: failure to convey: evidence.*

IV.   The instructions asked by the plaintiff, and refused, are substantially embraced in those given.  We have carefully considered the instructions given, the exceptions thereto, and the argument of counsel in support of their exceptions, but find no error therein.

V.   The jury might have found from the testimony that the agreement was optional, and hence have found for the defendant, because there was no tender of performance by the plaintiff ; or they might have found that the conveyance to Keeline was upon the condition claimed, and that the plaintiff was informed thereof, and made no tender of performance,—in either of which cases their verdict would properly be for the defendant. Finding no error, the judgment is

AFFIRMED.