AGNES B. HOOCK, APPELLEE, V. ANNA K. BOWMAN,
APPELLANT.*

FILED OCTOBER 2, 1894.    NO. 5721.

1. **Vendor and Vendee:** CONTRACT OF SALE: REGISTRATION.
Where the owner of real estate contracts in writing to sell and
convey the same to another, and such contract is duly signed,
witnessed, and acknowledged by such owner and recorded in the
office of the register of deeds in the county where such real estate
is situate, then one who purchases and receives a conveyance of
said real estate from said owner takes such real estate subject to
the rights therein of the vendee in said contract.

2. ———: ———: RESCISSION. In such case the vendee in said con-
tract of sale is not entitled to a rescission thereof because of
the sale and conveyance of the real estate by the owner to a third
party.

APPEAL from the district court of Douglas county.
Heard below before IRVINE, J.

*G. A. Rutherford*, for appellant.

*George M. O'Brien* and *Moses P. O'Brien, contra.*

RAGAN, C.

On the 25th day of June, 1888, Agnes B. Hoock, by
her contract in writing of that date, agreed to sell to Anna
K. Bowman lots 1 and 14, in block 1, in Hoock's subdi-
vision of lots 15 and 16, in Brookline, in Douglas county,
Nebraska. By the terms of the contract Mrs. Bowman was
to pay a certain part of the purchase money down and the
remainder to be paid in monthly installments; and when
all such payments were made, Mrs. Hoock was to convey
the property to Mrs. Bowman by warranty deed. Mrs.
Bowman having failed to make the payments as provided
by the contract, Mrs. Hoock brought this suit in the district
court of Douglas county against Mrs. Bowman, setting

* See also *Hoock v. Bowman,* 42 Neb., 80.

out the contract and its terms, alleging a failure of Mrs.
Bowman to make her payments as agreed, and prayed for
an accounting of the amount due her from Mrs. Bowman
on the contract; and that in case the amount found due
should not be paid within a time fixed by the court, the
property might be advertised and sold to pay such amount.
To this action Mrs. Bowman interposed two defenses: (1.)
That at the time of making said contract Mrs. Hoock rep-
resented that said lots were corner lots; that lot 1 cornered
on Park street and Western avenue, and that lot 14 cor-
nered on Park street and Sawyer avenue; that such repre-
sentations were false and fraudulent, and known by Mrs.
Hoock at the time they were made to be false and fraudu-
lent, and made for the purpose of deceiving Mrs. Bowman;
that she, Mrs. Bowman, did not know how said lots were
located; that she entered into the contract to purchase the
lots, believing and relying upon the statements as to their
location made by Mrs. Hoock. (2.) The second defense
was that, after the contract sued upon had been entered
into, Mrs. Hoock sold and conveyed the real estate de-
scribed in the contract to a third party. The district court
found the issues of fact in favor of Mrs. Hoock, and ren-
dered a decree ordering the property sold to make and raise
the amount due Mrs. Hoock on the contract, and from this
decree Mrs. Bowman has appealed.

It appears from the evidence in the record that Mrs.
Hoock first sold these lots to one Seymour, giving him a
contract of purchase similar to the one in suit, and that
Seymour assigned his contract to Mrs. Bowman, and she
surrendered it to Mrs. Hoock and took in its place the con-
tract made the basis of this action. The contention of the
appellant is, and the evidence tends to support it, that she
was present at the time Mrs. Hoock contracted to sell the
land to Seymour, and that she then and there heard Mrs.
Hoock represent to Seymour that lot 1 was a corner lot,
fronting on Park street and Western avenue, and that lot

Hoock v. Bowman.

14 cornered on Park street and Sawyer avenue, and that it was this representation, made by Mrs. Hoock to Seymour, on which she relied and which induced her to take an assignment of the latter's contract. There is al o some evidence in the record which tends to show that Mrs. Hoock reiterated to Mrs. Bowman these representations, at the time or just before the contract in suit was substituted for the Seymour contract. The evidence, however, as to whether the appellee made these representations to Seymour, as to whether the appellant was present at the time the contract between the appellee and Seymour was executed, and whether the appellee reiterated the representations at the time the contract in suit was delivered, was conflicting, and as the trial court found the issues against the appellant, and as that finding is not unsupported by the evidence, we decline to disturb it.

As to the other defense, that after the execution of the contract in suit the appellee sold and conveyed the property to a third party, there is no dispute; but the evidence shows that the contract in controversy here was duly signed, witnessed, and acknowledged by Mrs. Hoock, and filed in the office of the register of deeds of Douglas county prior to the time appellee sold and conveyed the premises to said third party. Appellee's grantee, then, took only the interest which she had in the property, and the effect of her sale and conveyance was to assign to such third party all her interest in the contract in suit. The grantee of this property, under the deed from the appellee, took it charged with whatever interest the appellant had therein by virtue of her contract with the appellee. Appellant, then, was not prejudiced by the sale and conveyance made of the property by the appellee; nor did such sale and conveyance, under the circumstances, entitle the appellant to a rescission of the contract in suit. The decree of the district court is

AFFIRMED.

IRVINE, C., not sitting.