SPOONER R. HOWELL, APPELLEE, V. EMMA SCHLOT-
FELDT ET AL., APPELLANTS.

FILED NOVEMBER 7, 1894. NO. 5163.

**Review:** CONFLICTING EVIDENCE. There is presented by this appeal only questions of fact in respect to which the evidence was conflicting. The judgment appealed from is, therefore, affirmed.

APPEAL from the district court of Hall county. Heard below before HARRISON, J.

*W. H. Thompson*, for appellants.

*Abbott & Caldwell* and *Thummel & Platt*, contra.

RYAN, C.

This action was brought by appellee Howell in the district court of Hall county, for the foreclosure of a mechanic's lien for lumber furnished for the erection of a dwelling house on a lot owned by Emma Schlotfeldt. William Willer, Frank C. Phillips, and Rittenhouse & Brage, as holders of mechanics' liens against the same property, were

made defendants, and each filed an answer in which was prayed the foreclosure of such lien as was held by such defendant. On the cross-petition of Frank C. Phillips a judgment and decree was entered December 23, 1890. Nothing was filed in this court until January 5, 1892, too late for review of this particular decree. On the 13th of January, 1891, the issues were tried as between the other parties, and a judgment and decree was entered, respectively, in favor of Spooner R. Howell, William Willer, and the firm of Rittenhouse & Brage.

In the brief for appellants it is said that "as to the defendant Willer, there is no contention except as he is connected with the general decree rendered by the court." Probably by this it is meant that he is brought into this court that all parties concerned may be here either as appellants or appellees. Whatever the intention may be in the use of this language, it presents no question by way of argument, and hence we dismiss Mr. Willer from further consideration.

As to the claim of appellee Howell, the contention was, and is, that he agreed to furnish lumber at a certain rate as fixed by a statement submitted to him as the proposition of some lumber dealer in Omaha. On the one hand it was testified that there was, at the time of the original agreement, a stipulation that to the list price a margin should be allowed for trouble of hauling the lumber, etc. This was denied by the Schlotfeldts. There was also a credit claimed by the Schlotfeldts on account of lumber returned. Mr. Schlotfeldt, in giving his evidence, was unable to state whether the lumber which he had testified that he returned had been charged in Howell's bill or not. Both these matters were heard on conflicting evidence, and the judgment of the district court in respect to them, therefore, cannot be reviewed.

As against the claim of Rittenhouse & Brage, there were set up counter-claims by way of damages. This firm drew

33

the plans and prepared the specifications for the house which was built for the Schlotfeldts, and appellants claim it was represented that the cost would not exceed $3,500, whereas in fact it was in excess of $6,000. There is no question made that in the progress of the work changes were made, each involving a departure from the plans of these architects. What additional cost these changes involved we have no means of determining accurately. We do not deem this specially important, however, for the sum of $3,500 was only mentioned as the architects' opinions as to what the cost would be. There was nothing in the nature of a warranty as to this figure, neither, on the other hand, is there any showing that but for this representation appellants would have declined to accept the plans as submitted to them. Under these conditions there was no foundation for a claim for damages because the house cost more than $3,500.

There was also a claim made that by reason of certain plate glass being placed outside, as required by the specifications, instead of inside the sash, appellants were greatly damaged. There was a conflict in the evidence as to whether plate glass should be placed outside or inside, and we cannot say the trial court erred in giving the weight it did to the evidence on this point. The judgment of the district court is

AFFIRMED.

HARRISON, J., not sitting.