## KREIBICH v. MARTZ.

1. VENDOR AND PURCHASER—LAND CONTRACTS—RESCISSION—CONVEYANCE TO THIRD PERSON.

   The fact that the vendor of land under an executory contract conveys by warranty deed to a third person, without reserving therein the vendee's rights, does not entitle the latter to rescind, and recover back moneys paid by him, where the grantee accepts his deed with the understanding that it is subject to the contract.

2. SAME—WAIVER OF RIGHT TO RESCIND.

   Any right that a vendee in a land contract might have to treat the contract as rescinded because of a conveyance to a third person, who took subject to the contract, would be waived by his requiring the grantee to furnish him an abstract, and negotiating with him respecting payments.

119  343
146  191

Error to Wayne; Carpenter, J. Submitted January 24, 1899. Decided February 6, 1899.

*Assumpsit* by Kajetan Kreibich against George H.

Martz to recover moneys paid under a land contract.  From a judgment for defendant on verdict directed by the court, plaintiff brings error.  Affirmed.

*James Swan*, for appellant.

*John G. Hawley*, for appellee.

HOOKER, J.   On June 23, 1891, Martz executed and delivered to the plaintiff a written contract for the sale of some lots in the city of Detroit, receiving $100 down upon the sale.   Kreibich afterwards paid some interest and taxes, as required by the terms of the contract, though upon September 29, 1897, he was more than a year in default in the payment of $1,700, principal, and the city taxes for 1896.   Upon that day Martz and wife executed and delivered to William W. Hannan and his wife a warranty deed of the premises.   This was done in the course of a division of a large tract of property, owned by the defendant, Hannan, and Schwartz, who platted the lots, the title being held by the defendant for a time under an arrangement between them.   It was so held at the time the contract was made, and, when the deed to Hannan was made, it was the understanding that he took the same subject to the rights of the plaintiff.   The plaintiff was informed that Hannan had these lots, and said he did not want to deal with Hannan, and that he thought it was a put-up job, as Martz would not want to foreclose the contract.   Subsequently, in an interview with Hannan, he was asked to pay, and said he did not know as he could pay it all, and Hannan offered to take part, and let the rest stand. He then asked for an abstract, which Hannan afterwards procured and delivered to him.   He took the abstract, and some time after, acting under the advice of counsel, notified Martz that he considered the contract rescinded, tendered him the contract, and demanded re-payment of the amount paid upon the contract.   It was conceded by counsel that the case involved only a question of law, and the court instructed the jury to return a verdict for the defendant, which they did.   The plaintiff has appealed.

The plaintiff's right to recover rests upon the proposition that, by executing and delivering a warranty deed to Hannan, the defendant gave the plaintiff a right to treat the contract as rescinded, under the decisions in the cases of *Atkinson* v. *Scott*, 36 Mich. 18, and *Weaver* v. *Aitcheson*, 65 Mich. 285. In the case before us it appears that the understanding between the defendant and Hannan was that the latter took the deed subject to the contract, and the plaintiff was informed of this. Hannan never was in a position where he could deny or deprive the plaintiff of his rights under his contract, for he had full notice of them, and accepted his deed upon the understanding that the plaintiff's rights were to be respected. Moreover, the plaintiff, being so informed, could not have understood that it was defendant's intention to rescind the contract. The case is properly distinguishable from those cited, in both of which there is reason to suppose that the premises were conveyed in disregard of the vendee's rights, if not under circumstances which put it out of the vendor's power to perform the contract.

In the case of *Hoock* v. *Bowman*, 42 Neb. 87, it was held that, where the vendor conveyed to a stranger to the contract, which was recorded, such stranger took with notice of the vendee's rights, and subject to them, and that, under such circumstances, the vendee had not the right of rescission. This is a just rule, and will apply equally well in any case where the grantee takes with notice, either actual or constructive, of the vendee's rights. *Lowrie* v. *Gourlay*, 112 Mich. 641.

Again, the negotiations with Hannan would have amounted to a waiver of the right to rescind, had there been any such right.

It is unnecessary to discuss the other questions raised, as they do not affect the question upon which the case turns.

The judgment is affirmed.

The other Justices concurred.