BARTLETT *v.* SMITH.

1. VENDOR AND PURCHASER—CONTRACT—BREACH BY VENDOR—MEASURE OF DAMAGES.

Where the vendor in an unrecorded land contract conveys the land to a third person, the measure of the purchaser's damages is the payments made and the reasonable value of improvements made in good faith, less the value of the use of the premises.

2. SAME—NAKED PROMISE—VALIDITY.

A mere naked parol promise by the vendor in a land contract to extend the time of payment is not binding upon him.

3. SAME—COVENANTS—BREACH—FORFEITURE OF CONTRACT.

Where the vendor in a land contract covenants against incumbrances, and there is a mortgage on the land, he is not entitled to demand payment and forfeit the contract until the mortgage is discharged and he is in a position to perform the contract himself.

4. SAME—CONTRACT—BREACH BY VENDOR—EVIDENCE.

In an action by the purchaser in an unrecorded land contract for a breach by the vendor by conveying to a third person, it is error to reject evidence that the grantee took with knowledge of plaintiff's rights and subject to them.

5. SAME—POSSESSION BY PURCHASER—EFFECT.

Where the purchaser in an unrecorded land contract is in possession of the land under his contract, such possession is notice of his rights, and he can suffer no injury by the vendor's deeding away his title, since he can enforce his contract as well against his vendor's grantee as against his vendor.

Error to Benzie; Chittenden, J. Submitted June 7, 1906. (Docket No. 57.) Decided October 29, 1906.

Assumpsit by Shirley Bartlett and another against G. Howard Smith for breach of a land contract. There was judgment for plaintiffs, and defendant brings error. Reversed.

On April 18, 1902, plaintiffs and defendant executed a

land contract, by which the defendant agreed to sell plaintiffs 40 acres of land for the sum of $400; $25 on delivery of contract, $50 per year for 6 years, and $75 the seventh year, with interest at 6 per cent., payable annually. That portion of the contract material to the issue reads as follows:

"And that if any of the payments and conditions above set forth, on the part of said parties of the second part to be made and performed, shall not be made and performed in conformity with the terms hereinbefore set forth, the payments previously made shall be forfeited, and the premises, with the buildings and improvements thereon, shall revert to said party of the first part, his representatives and assigns, and he may thereupon peaceably re-enter upon and take possession of the same. Or, if he shall so elect, the said party of the first part, his representatives and assigns, may enforce payment in law of the money due, and make conveyance, as aforesaid."

The cash payment was made, and also the payment and interest due the first year. The payment of $50 principal and $23 interest, due April 18, 1904, was not made. Plaintiffs claim that they secured an extension of 60 days. They, however, made no tender within the 60 days. Plaintiffs testified that they made a tender on July 1st. There were no buildings upon the land, but plaintiffs went into possession, cultivated, and raised crops. On June 8, 1904, defendant sold the land to one Symons by warranty deed, which contained no reference to the land contract. Upon learning of this deed plaintiffs brought suit to recover the amount they had paid defendant. The court directed the jury to find a verdict for the plaintiffs for the full amount they had paid the defendant, less what plaintiffs "had received from the land over and above what they put onto it." The jury found a verdict for the full amount claimed.

*Louisell & Nevius* (*Parm C. Gilbert*, of counsel), for appellant.

*D. G. F. Warner*, for appellees.

GRANT, J (*after stating the facts*).  1.  The plaintiffs had had the possession and use of the land for three years. They had made no improvements.   The result of the instruction given by the circuit judge and the verdict of the jury is to deprive the defendant of the use of the property for three years, and to give the use thereof to the plaintiffs free of rent.   Such an inequitable result finds no support in the law.   If plaintiffs were entitled to recover, the rule is that they were entitled to recover the payments made, and the reasonable value of the improvements made in good faith, less the value of the use of the premises.   2 Sutherland on Damages, § 586.

2.  The promise to extend the time of payment, if made, was a mere naked promise, resting in parol, without any consideration, and was therefore of no validity.   *Ferris* v. *Johnson*, 136 Mich. 227.

3.  Defendant insists that time was of the essence of the contract, and that plaintiff had violated the contract by nonpayment, and therefore cannot maintain a suit at law; while plaintiff urges that it was the duty of the defendant to give notice of his option to declare the contract forfeited, and that the execution of a deed without plaintiff's knowledge or consent was a violation of the contract, and entitled him to recover back the money—citing *Atkinson* v. *Scott*, 36 Mich. 18; *Davis* v. *Strobridge*, 44 Mich. 157; *Weaver* v. *Aitcheson*, 65 Mich. 285.   It is unnecessary to determine these questions, as plaintiff for another reason is entitled to maintain his suit.   Defendant covenanted that the land was free from all incumbrances, and to give a warranty deed.   The land was subject to a mortgage, which was not discharged until June 14, 1904.   Defendant was not in position to demand payment or to forfeit the contract until he was in a position to perform it himself.   *Dwight* v. *Cutler*, 3 Mich. 566; *Getty* v. *Peters*, 82 Mich. 661 (10 L. R. A. 465).

4.  Defendant offered to show that the grantee to whom he conveyed the land was informed of the plaintiff's land contract, and purchased subject to it.   It was error to re-

ject this testimony. *Kreibich* v. *Martz*, 119 Mich. 343.

5. In view of a new trial, it is well to state that the plaintiff testified that he was in the possession of this property at the time the sale was made. If he was in possession, he could not have suffered damage by the act of the defendant in deeding away his interest in the property. Possession was notice to the purchaser of all his rights, and he could assert his contract against defendant's vendee, as well as against the defendant.

Judgment reversed, and new trial ordered.

CARPENTER, C. J., and McALVAY, HOOKER, and MOORE, JJ., concurred.