THOMAS C. HALL and J. D. POPE, late partners as Hall & Pope, *Plaintiffs in Error,* v. THE NORTHERN & SOUTHERN COMPANY, a corporation, *Defendant in Error.*

1. Where a bilateral contract is made for future performance, and, before the time for performance arrives, one party positively and unequivocally repudiates the entire contract, or voluntarily puts it out of his power to perform his part, the other party may treat the contract as rescinded. In many cases where the repudiation or voluntary act rendering performance impracticable is entire and absolute, actions may be brought as for a breach of the contract even before the time for performance has arrived.

2. The mere refusal to accept tendered payments of purchase money under a contract for the sale of real estate may affect the rights of the vendor, but such refusal is not itself such a repudiation of the contract as gives the vendee a right of action as for a breach of the contract to convey, when the time for the conveyance to be made has not arrived.

3. If the right to take possession of land contracted to be sold is dependent upon a contingency there should be allegations showing that the contingency has happened and that an effort was made to take possession without success to plaintiff's injury where damages for failure to get possession are sought.

4. General allegations that a vendor wholly refused to carry out his contract to convey land, should be taken in connection with the specific allegations of breaches, and, if the specific allegations are insufficient the general allegations also fail.

5. Where the contract is made to convey land and before the time for the conveyance has arrived the vender conveys his rights in the lands to a third party, the conveyance is subject to the valid rights of the contract vendee, and such a conveyance does not necessarily render it impossible for the contract to be observed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Wm. Hocker,* for plaintiffs in error;

*R. L. Anderson,* for defendant in error.

WHITFIELD, J.—On February 4, 1907, the defendant in error brought an action against the plaintiffs in error in the circuit court for Marion county to recover damages for an alleged breach of a contract to convey lands.

The declaration in two counts alleges in brief that the Northern & Southern Company, a corporation, entered into a written contract on January 9, 1904, with Hall & Pope whereby in consideration of $2.25 per acre for certain described lands Hall & Pope did "agree to execute and deliver to the said" Northern & Southern Company "or its assigns a good and sufficient deed of conveyance upon payment by the said" Northern & Southern Company, "or its assigns of the said purchase

price of $2.25 per acre, as hereinafter provided." "And for a like consideration the said" Hall & Pope "do hereby agree, upon the payment of the said purchase price of $2.25 per acre, as hereinafter provided, to execute and deliver to" The Northern & Southern Company "a good and sufficient lease, conveying to" said company "the timber upon" certain described lands, "and vesting in the said" company "a lease-hold interest in said lands for the purpose of utilizing the timber for mill and other purposes for the term of six (6) years from the date hereof." "Said land is estimated * * * to be 4235 acres, and upon the payment of the first deferred payment, hereinafter mentioned," the said Northern & Southern Company "shall be entitled to take possession of any of said lands and cut the timber therefrom, provided same is not being used by" Hall & Pope "for turpentine purposes, and the right to use same ·for turpentine purposes for two years from date hereof is reserved by" Hall & Pope. "In consideration of the foregoing covenants and agreements the said" Northern & Southern Company "has this day paid to the said" Hall & Pope "the sum of one hundred (100.00) dollars upon the purchase price of said lands and said timber leases, receipt of which is hereby acknowledged by the said" Hall & Pope; and the said Northern & Southern Company "agrees to pay to the said" Hall & Pope, "or their assigns, upon the purchase price of the lands and leases above mentioned, the following sums of money, at the time and in the manner hereafter specified, viz: $3142.91 dollars payable 24 months after date hereof; $2091.94 dollars payable 30 months after date hereof; $2091.94 dollars payable 36 months after date hereof, and 2091.94 payable 42 months from date. Which deferred payments shall draw interest from January 9th, 1906, at the rate of eight per cent (8 per cent) per annum, until paid, and shall become due and payable at the Central National Bank at

Ocala, Florida." The plaintiff further alleges that the payment of the $100.00 was made as stated in the contract on the date the contract was entered into, and that on January 9, 1906, plaintiff tendered to defendants and offered to pay them the further sum of $3142.91 which was the payment due under the terms of said contract, and that the plaintiff on July 9th, 1906, also offered and tendered to the defendants the further sum of $2091.94 due that day under the contract; that defendants refused to accept said payments when offered and tendered as aforesaid by the plaintiff, and wholly refused to carry out and perform each and every of the covenants contained in the contract; that the defendants on January 9, 1906, and on July 9, 1906, when plaintiff tendered and offered to pay said moneys as aforesaid stated to the plaintiff that they, the defendants, had on or about December 1st, 1905, relinquished, transferred, assigned, sold and conveyed, all their right, title, interest and claim in and to all the lands, timber, timber lease-hold rights, and all other property described in said contract to other named parties and that said parties were then in possession of all of said lands, timber, lease-hold rights, timber rights, and other properties mentioned in said contract, whereby the defendants had, by their acts as aforesaid, rendered themselves unable, and had made it impossible to perform and carry out the covenants, terms and provisions of said contract with the plaintiff; that said lands, timber lease-hold and timber rights,were on December 1st, 1905, and on January 9, 1906, and on July 9, 1906, of a value greatly in excess of $2.25 per acre, and that the same were then and there of the value of $5.00 per acre, and plaintiff claims $20,000.00 damages.

The second count differs from the first in that it alleges that defendants on or about December 1st, 1905, wholly disabled themselves to carry out and perform the

contract, and rendered the performance of the same by the defendants impossible by conveying to other parties all the rights of the defendants in the lands, and by putting such parties in possession of the lands, whereby the said contract was by the defendants wholly broken and repudiated.

The declaration was demurred to. If the allegations of the declaration do not state a cause of action, or if the allegations show the plaintiff had no right of action when the action was begun, there can be no recovery.

The action is obviously brought to recover as damages, not the portion of the purchase price that had been paid, but the increase in the value of the lands over the contract price between the date of the contract to convey the lands and the dates named in the declaration, all of which dates were prior to the date the conveyance of the lands was to be under the contract.

A breach of the contract is essential to a recovery of damages in an action at law.

The breaches alleged consist in (1) the refusal of the defendants to accept the first two deferred payments of the purchase money tendered by the plaintiff under the contract; (2) wholly refusing to carry out the contract; and (3) the transfer to other parties by the defendants of all their rights in the lands contracted to be conveyed to plaintiff, whereby defendants made it impossible for them to perform their agreement with the plaintiff, and whereby the contract was by the defendants wholly broken and repudiated before the plaintiff was entitled to the possession or to a conveyance of the lands under the terms of the contract.

Under the contract the plaintiff "upon the payment of the first deferred payment" on January 9, 1906, was "entitled to take possession of any of said lands and cut the timber therefrom, provided same is being used by" Hall & Pope "for turpentine purposes;" and the plaintiff was entitled to a conveyance of the land "upon payment

by the said" Northern & Southern Company, "or its assigns, of the purchase price of two dollars and twenty-five cents ($2.25) per acre" in several payments, the last being due 42 months from the date of the contract.

Where a bilateral contract is made for future performance, and before the time for performance arrives one party positively and unequivocally repudiates the entire contract, or voluntarily puts it out of his power to perform his part, the other party may treat the contract as rescinded; and in many cases injured parties have brought actions as for a breach even before the time for performance under the contract had arrived. See Thompson v. Kyle, 39 Fla. 582-597, 23 South. Rep. 12; 14 Har. Law Rev. 317-427; 9 Cyc. 635-637 and authorities cited. If this rule applies to contracts for the sale of land, the repudiation or voluntary act must be absolute.

By refusing to accept the tendered payments of purchase money the defendants may have lost some of their rights, but such refusal was not of itself a repudiation of the contract, and did not give the plaintiff a right of action, when the time for the conveyance to be made had not arrived and no right to or request or demand for the possession of the lands or any of them under the contract is alleged.

The right of the plaintiff to the possession of the land on January 9, 1906, was by the terms of the contract made contingent upon the land not being used by the defendants for turpentine purposes. There is no allegation that the lands were not being so used and that plaintiff was entitled to possession of the lands and could not obtain possession to plaintiff's injury. The allegation that other parties were in possession of the lands by transfer from defendants is not equivalent to an allegation that the lands were not being used by defendants for turpentine purposes as provided by the contract

or that plaintiff was entitled to the possession and could not get it.   If the facts and circumstances attending the refusal to accept the payments of purchase money were of such a character as would operate as an unequivocal repudiation of the entire contract, the facts and circumstances are not alleged.

The general allegation that the defendants wholly refused to carry out the contract, should be taken in connection with the specific allegations of breaches, and when so considered, such general allegation is not sufficient to give a right of action where the time for conveyance of the lands had not arrived, and it does not appear that the plaintiff was entitled to possession and could not get it, to plaintiff's injury.

The transfer to other parties alleged is limited to the rights of the defendants in the lands, which rights are subject to any valid rights the plaintiff may have in the lands under the contract.   The mere transfer of the rights of the defendants in the lands to other parties as alleged did not necessarily render it impossible for the defendants to deliver the possession or to convey the title at the time required by the contract.   If the transfer of the title and possession of the lands to other parties gave them no greater rights or interest in the lands than the defendants had, and the rights and interests of the defendants in the land were subject to the contract with the plaintiff no injury may result to the plaintiff.   Such a transfer before the plaintiff was entitled to possession or to a conveyance of the lands was not of itself such a repudiation of the contract as gave the plaintiff a right of action to recover damages as for a breach of the contract before the time for the conveyance of the land had arrived.   The allegation that such transfer of defendants' rights and interest in the lands to other parties rendered it impossible for the defendants to perform their part of the contract with the plaintiff is a mere conclusion not warranted by the facts alleged.   Gar-

16

berino v. Roberts, 109 Cal. 125, 41 Pac. Rep. 857.    See, also, Shively v. Semi-Tropic Land & Water Co., 99 Cal. 259, 33 Pac. Rep. 848; Joyce v. Shafer, 97 Cal. 335, 32 Pac. Rep. 320; Hoock v. Bowman, 42 Neb. 87, 60 N. W. Rep. 884; Webb v. Stephenson, 11 Wash. 343.

The defendants had a right to the possession of the lands at least till January 9, 1906, and *non constat* conveyance by the defendants on December 1st 1905 of their remaining or reserved interest in the lands was within their legal rights and was not a breach of any agreement contained in the contract.

The declaration does not state a cause of action entitling the plaintiff to any damages claimed, therefore the judgment is reversed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR and PARKHILL JJ., concur in the opinion.

HOCKER, J., not participating.