JOHNSON, Appellant, v. OLBERG et al. (Union Investment Company, Intervener), Respondents.

### (143 N. W. 292.)

1. **Vendor and Purchaser—Recovery of Purchase Price—Rescission—Subsequent Conveyance as Mortgage, by Vendor.**

   A purchaser of land under executory contract, who had taken possession, could not rescind the contract, and recover back payments made, because of a subsequent conveyance, as security for a debt, by the vendor to a third party who had knowledge of the purchaser's rights and acquired its title subject thereto, and expressed its willingness to carry out the terms of the sale contract, especially where the contract authorized vendor to mortgage the land, and the conveyance was a mortgage under Sec. 2044, Civ. Code.

2. **Vendor and Purchaser—Bona Fide Purchaser—Notice—Possession.**

   Possession by a purchaser of land under an executory but unrecorded contract is notice of his rights to all parties, and, as to him, there could therefore be no such thing as an innocent purchaser.

(Opinion filed October 6, 1913.)

Appeal from Circuit Court, Roberts County. Hon. FRANK McNULTY, Judge.

Action by Andrew Johnson against Nels K. Olberg and others, for rescission of an executory contract of sale of realty, and to recover back purchase money paid thereunder. From a judgment for defendants, dismissing the action, plaintiff appeals. Affirmed.

*C. R. Jorgenson,* for Appellant.

The conveyance, to the Union Investment Company, by the defendants, by warranty deed, without the knowledge or consent of the plaintiff constituted such a rescission or breach as to entitle the plaintiff to the purchase money paid on said contract. Speer v. Phillips, 123 N. W. 722; Leisch v. Baer, 123 N. W. 719.

The conveyance to a third party constitutes a breach of contract. Vol. 29, A. & E. Ency. Law, 724; 39 Cyc. 1388, citing many cases; Atkinson v. Scott, 36 Mich. 18.

In the conveyance of this land by the defendants to the intervenor the rights of the plaintiff were in no wise preserved or protected.

*J. J. Batterton,* for Respondents.

Even where the conveyance to the third party is unconditional the unconditional conveyance even does not per se constitute a rescission of the prior executory contract of sale.. Kriebich v. Martz, 119 Mich. 343, 78 N. W. 124; Bartlett v. Smith, 146 Mich. 188, 109 N. W. 260; Joyce v. Shafer, 97 Cal. 335, 32 Pac. 320; Shively v. Semi-Tropical Land and Water Co., 99 Cal. 299, 33 Pac. 848; Garberino v. Roberts, 109 Cal. 125, 41 Pac. 857; Webb v. Stephenson, 11 Wash. 342, 39 Pac. 952; Hoock v. Bowman, 42 Nebr. 87, 60 N. W. 391; 39 Am. & Eng. Ency. of Law, (2d Ed.) 667.

A conditional conveyance to a third party who takes his interest in the property entirely subject to the vendee's original contract, and with actual or constructive notice thereof, does not work a rescission, by the original vendor, of the contract with the vendee. 39 Cyc. 1388.

Consequently, since plaintiff's own undisputed evidence shows that the conveyance was conditional entirely, and with actual knowledge on the part of the third party purchaser of the existence of the prior contract, and subject to it, and that the clear intention of the defendants and of the intervenor was to not rescind the plaintiff's contract through the conveyance, this action is not maintainable.

Nothing has been suggested or advanced in the trial of this case to indicate that anything has been done or attempted on the part of defendants, or intervenor, in any part of the transactions involved in the action, which would partake of fraud or a desire to injure the plaintiff.

Plaintiff at all times was in possession of the premises in question, and still remained in such possession, and any purchaser of the land from the intervenor or otherwise was charged with notice of and took his interest in the premises subject to the rights and interests of the plaintiff therein, whether such purchaser had actual notice of the existence of the plaintiff's contract or otherwise. Schimmelpfennig v. Brunk, (Iowa) 132 N. W. 838; Bartlett v. Smith, 146 Mich. 188, 109 N. W. 260.

POLLEY, J. [1] On the 11th day of October, 1910, the plaintiff and the defendants entered into a contract for the sale of a quarter section of land in Roberts county. The plaintiff paid defendants $200 on the execution of the contract, agreed to pay

$1,800 on the 1st day of November, 1910, and $500 on the 1st day of November of each and every year thereafter until and including the year 1920, amounting in all to the sum of $7,000. Defendants agreed that upon final payment they would execute and deliver to the plaintiff a warranty deed, conveying the said land to the plaintiff in fee simple, free and clear of all incumbrances whatsoever. All deferred payments were evidenced by promissory notes, which bore interest at the rate of 7 per cent. per annum, and plaintiff agreed to pay all taxes that might be levied upon the land. The contract contained the further provision that, in case the plaintiff failed to make any of the said payments when due, then the whole of the unpaid balance should immediately become due and payable, and, at the option of the defendants, the contract was to be forfeited, and the plaintiff should forfeit all payments made by him and all interest in the land and improvements thereon as liquidated damages to the defendants. The defendants reserved the right to renew any and all mortgages then outstanding against the land, or to give other mortgages in lieu of those then existing, and the palintiff was to have a deed for the land at any time he paid an amount of money which, together with the amount of the mortgages against the land, should equal the purchase price named in the contract. The contract was not acknowledged by either of the parties thereto, nor recorded, and was made subject to the rights of a lessee in possession for the year 1911.

The plaintiff paid the $1,800 due on the 1st day of November, 1910; but before the next payment came due, to-wit, on the 1st day of August, 1911, the defendant Olberg executed and delivered to the intervener (Union Investment Company) a deed containing full covenants of warranty, conveying the premises described in the said contract to the said intervener. This deed was recorded in the office of the register of deeds for Roberts county on the 31st day of August, 1911. Plaintiff elected to treat the execution of this deed as a violation, by the defendants, of the contract they had made with him, and at once commenced this action for the recovery of the $2,000 paid by him on the purchase price of the land.

The evidence at the trial showed that, during the season of 1911, the lessee in possession of the land recognized plaintiff as

his landlord, so that his posession was the possession of the plaintiff. It further appeared that, at the time of the delivery of the deed from the defendants to the intervener, the defendants were indebted to the intervener in the sum of $5,000, and the deed was given as security for the payment of this sum. In addition to the execution and delivery of the deed, they also gave to intervener an assignment of their contract with plaintiff, together with the notes executed by him evidencing the purchase price of the land.

Some time after the conveyance to the intervener, but before the next payment on the purchase price was due from plaintiff, the intervener, in reply to a letter of inquiry from plaintiff's attorney, wrote as follows: "We beg to acknowledge receipt of your favor of the 13th inst. in referring to the southeast quarter and northeast quarter of section 19-127-50, and replying thereto will state that this property was deeded to us that we might carry out the terms of the purchase contract for same, as the contract and the notes with it were assigned to us as collateral, and any payment thereunder must come to us, and the deed was recorded in order that notice might be given to the parties holding the contract. We would like very much to have you notify your client in accordance herewith, and we will be glad to receive draft covering any payments which he wishes to make at this time." Thus it appears that the intervener not only took its deed with full knowledge of plaintiff's rights in the premises, and held such title as it acquired subject to plaintiff's rights, but it expressed its willingness to carry out the terms of the contract of sale. Plaintiff contends, however, that the conveyance by Olberg to the intervener put it out of the power of the defendants to carry out the terms of the contract, and that he had a right to rescind, and recover back the amount he had paid on the purchase price, and, in support thereof, cites the following cases: Atkinson v. Scott, 36 Mich. 18; Meyer v. Markham, 90 Minn. 230, 96 N. W. 335, 787; Weaver v. Aitcheson, 65 Mich. 285, 32 N. W. 436; Kicks v. State Bank of Lisbon, 12 N. D. 576, 98 N. W. 408; Damon v. Weston, 77 Iowa, 259, 42 N. W. 187; Hilligas v. Kuns, 86 Neb. 68, 124 N. W. 925, 26 L. R. A. (N. S.) 284, 20 Ann. Cas. 1124.

While some of these cases appear to support the doctrine contended for by appellant, the underlying principle upon which the

decisions rest is the fact that the conveyance by the grantor in the contract is made to a third party, who purchases without knowledge of the vendee's rights, and against whom the vendee cannot enforce his contract. This doctrine is not applicable to the facts in the case at bar, for not only was the conveyance to the intervener made under circumstances that would have entitled plaintiff to enforce his contract against it, but it stood willing to carry out the terms of the contract with plaintiff. Moreover, it appeared, from the evidence, that the deed to the intervener was given as security for the payment of an indebtedness due from Olberg to the intervener, and was therefore, under the provisions of section 2044 of the Civil Code, a mortgage, and, by the terms of the contract, the defendant was permitted to mortgage the land that was the subject of the contract.

The law seems to be well settled that the mere conveyance of land to a third party, who has knowledge that his vendor has previously contracted to sell the premises to another, does not entitle the vendee named in the contract, for that reason, to rescind the contract, and recover the amount paid on the purchase price. He may look to such purchaser, and if necessary compel him to carry out the terms of the contract. Kriebich v. Martz, 119 Mich. 343, 78 N. W. 124; Bartlett v. Smith, 146 Mich. 188, 109 N. W. 260, 117 Am. St. Rep. 625; Joyce v. Shafer, 97 Cal. 335, 32 Pac. 320; Shively v. Semi-Tropic Land & Water Co., 99 Cal. 259, 33 Pac. 848; Garberino v. Roberts, 109 Cal. 125, 41 Pac. 857; Webb v. Stephenson, 11 Wash. 342, 39 Pac. 952; Hoock v. Bowman, 42 Neb. 87, 60 N. W. 391; 39 Am. & Eng. Encyc. of Law (2d Ed.) 667; Damon v. Weston, 77 Iowa, 259, 42 N. W. 187.

[2] Neither is there any force in appellant's argument that there was danger that the intervener might convey the premises to a third party without notice of plaintiff's rights, and thus preclude the plaintiff from protecting himself. His possession of the premises was notice to all parties of whatever rights he had, and therefore there could be no such thing as an innocent purchaser: Bartlett v. Smith, supra.

Finding no error in the record, the judgment appealed from is affirmed.