*In re* REASON'S ESTATE.

INTERSTATE DEVELOPMENT CO. *v.* REASON.

1. Vendor and Purchaser—Conveyance by Vendor to Third Party.
    Ordinarily, conveyance of land by vendor to vendee other than land contract purchaser, by deed which makes no mention of latter's interest and is recorded, amounts to an election by vendor to rescind the contract since he disables himself from performance by the conveyance of the title to such vendee and the land contract purchaser is entitled to rescind and recover whatever he may have given in consideration therefor.

2. Same—Reestablishment of Purchaser's Liability Under Contract.
    Once a vendor has disabled itself from performance of its executory land contract, purchaser thereunder could treat the contract as rescinded and the vendor cannot again reestablish liability upon the part of the purchaser without some affirmative act upon part of latter.

3. DESCENT AND DISTRIBUTION—REAL ESTATE—CREDITORS.
  Title to all real estate and interest therein belonging to an intestate, so far as real estate in Michigan is concerned, descends to his heirs subject to divestiture only in case it becomes necessary to have recourse thereto for payment of creditors of deceased (3 Comp. Laws 1929, § 13440).

4. EXECUTORS AND ADMINISTRATORS—CLAIM FOR BALANCE UNDER LAND CONTRACT—TENDER OF DEED.
  Vendor's tender of deed to administrator of estate of deceased purchaser of Florida realty on executory land contract prior to filing claim against estate for unpaid balance on contract *held,* insufficient since title had descended to heirs and in neither Florida or Michigan is an estate of an intestate capable of being a grantee.

Appeal from Livingston; Collins (Joseph H.), J. Submitted April 8, 1936. (Docket No. 29, Calendar No. 38,830.) Decided June 16, 1936.

In the matter of the estate of Floyd Reason, deceased. Interstate Development Company, a Florida corporation, and F. A. Kroh presented their claim for amount due on a land contract. Marion J. Reason, administrator, objected thereto. From decision of commissioners on claims, claimants appealed to circuit court. Directed verdict and judgment for estate. Claimants appeal. Affirmed.

*Don W. Van Winkle* (*Stanley Berriman* and *Warlow, Carpenter & Fishbeck,* of counsel), for claimants.

*Shields & Smith,* for defendant estate.

POTTER, J. February 2, 1926, Floyd Reason, a resident of Livingston county, bought of the Interstate Development Company, a Florida corporation, on a land contract called an agreement for deed, the Florida real estate here involved. Subsequently he

made substantial payments on the contract and valuable improvements on the land. This agreement for deed or land contract was not recorded. He continued payments on the contract until February 1, 1929, the date of his last payment. November 15, 1929, the Interstate Development Company deeded the premises to F. A. Kroh, of Kansas City, Kansas, by warranty deed which did not mention or reserve any rights under the contract with Reason. October 19, 1934, Floyd Reason died while a resident of Livingston county and his son, Marion J. Reason, was appointed administrator of his estate by the probate court of that county. At his death, Floyd Reason left surviving him a widow and five children, all of whom were of legal age. The Interstate Development Company and F. A. Kroh, prior to filing claim against the estate of Floyd Reason, deceased, to recover the amount claimed to be due on the land contract, tendered to the administrator of Floyd Reason's estate two deeds, one from the Interstate Development Company, a Florida corporation, and the other signed by F. A. Kroh and C. E. Kroh, her husband. A claim was then filed against the estate of Reason. Various objections were made to its allowance,—that the property, after Floyd Reason ceased paying upon the contract in 1929, was conveyed by the Interstate Development Company to F. A. Kroh by a warranty deed absolute in form and this, having been done after the cessation of payments upon the land contract by Floyd Reason, was claimed to constitute a ground for rescission upon the part of Floyd Reason because it disabled the vendor in such contract from its performance and amounted to an abandonment of the contract; the deeds tendered were insufficient in law; and no claim to recover the alleged unpaid balance

due upon the land contract was maintainable at the time the claim was presented. These claims were sustained by the trial court and claimants appeal.

Ordinarily where property is conveyed to another by deed absolute in form by the vendor to a vendee other than the one named in the land contract as a contract purchaser, which deed makes no mention of the contract vendee's interest, and such deed is recorded, it amounts to an election by the vendor to rescind the contract because the vendor has disabled himself from performance by conveyance of the title of the property to the vendee and the vendee under the land contract is entitled to rescind.

One who has contracted to sell a piece of property, whether real or personal, to another and who sells or transfers the same property to a third person while the contract still remains in force and executory, violates the contract by disabling himself from performing it and thereby gives to the other party the right to rescind it or treat it as abandoned and to recover whatever he may have given in consideration of it. 1 Black on Rescission and Cancellation, §§ 210, 211; 2 Black on Rescission and Cancellation, § 432.

This was the rule recognized in *Atkinson* v. *Scott,* 36 Mich. 18, and cases cited therein, as well as in *Weaver* v. *Aitcheson,* 65 Mich. 285, and *Himebaugh* v. *Chalker,* 261 Mich. 80.

Conditions apparently changed after the death of Floyd Reason. F. A. Kroh reconveyed the real estate to the Interstate Development Company after Reason's death, and F. A. Kroh and the Interstate Development Company presented a claim against the estate of the deceased vendee. Having once disabled itself from performance under the land contract, the vendee could treat the contract as

rescinded and the vendor cannot again reestablish liability upon the part of the vendee without some affirmative act upon the vendee's part. *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448; *Balesh* v. *Alcott,* 257 Mich. 352.

Upon the death of Floyd Reason, the title to all real estate and interest therein belonging to him descended to his heirs so far as real estate in Michigan is concerned.* Its title became absolute, subject only to be divested if it became necessary to have recourse thereto for the payment of the creditors of deceased. *Marvin* v. *Bowlby,* 142 Mich. 245 (4 L. R. A. [N. S.] 189, 113 Am. St. Rep. 574, 7 Ann. Cas. 559); *Windoes* v. *Colwell,* 247 Mich. 372. No deed was executed to the heirs of Floyd Reason, deceased, nor was such a deed tendered. The deed tendered was not one to any person entitled to accept the legal title to the real estate. It was not a deed to the administrator of the estate. There was no deed tendered to a person in being capable of taking title to the real estate. The estate of Floyd Reason is not a person who could be a grantee under the law of Florida, nor under the law of Michigan. 2 Tiffany, Real Property (2d Ed.), § 434; 8 R. C. L. p. 953; 4 Thompson on Real Property (1st Ed.), § 2985.

The trial court was correct. Judgment affirmed, with costs.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred.

---

* See 3 Comp. Laws 1929, § 13440.—Reporter.