SARAH J. BOYD, plaintiff in error, vs. ALEXANDER CHAPPELL, defendant in error.

When vendor sold lands to vendee and gave bond for titles and possession, and part of the purchase money having been paid, made a deed thereto after obtaining judgment for the balance of purchase money under section 3586 of the Code, and the wife of the vendee filed an equitable plea that her husband, in the payment made, had used her money with the knowledge of the vendor, and had made her a deed to the land, and she prayed that the verdict and the judgment should be so moulded as to protect her rights and give her the land, or if sold, enough of the proceeds to reimburse her, but did not allege in the plea, or prove on the trial, that the vendor was insolvent, or that for any other reason she could not sue and recover from him :

*Held*, that while she may recover from the vendor the money so applied with his knowledge, she has no equitable claim to the land, or lien thereon, or on its proceeds, or any part thereof, until all the purchase money has been paid, the vendor being solvent and able to respond to her for her money so received by him, should she see fit to sue therefor.

Claim. Vendor and purchaser. Husband and wife. Before Judge CLARK. Walker Superior Court. September Term, 1875.

Reported in the opinion.

JOHN R. WORRILL, for plaintiff in error.

GUERRY & SON, for defendant.

JACKSON, Judge.

Alexander Chappell sold a tract of land to Uriah Boyd. Boyd paid one-half of the purchase money, $600 00. Chappell sued and recovered judgment for the other half, and having made Boyd a deed to the land, a bond for titles having

been given therefor, levied the *fi. fa.* for the balance of the purchase money upon it. Mrs. Boyd set up an equitable claim on the ground, that with the knowledge of Chappell, her husband had used her money in paying the first $600 00 thereon, and had made her titles thereto; and she prayed that the land be decreed to be hers, or at all events, that when sold, the first $600 00 of the sum it sold for, wit hinterest thereon, be paid to her. On the trial of the case the court charged the jury to the effect that if they believed, from the evidence, that the money of the wife was applied by the husband to his debt for the land, with the knowledge of the vendor, that she had a good claim against the vendor for the money so applied, but that unless it was alleged and proved by her in setting up her equitable right to the land or the proceeds, or part of the proceeds thereof, that the vendor was insolvent or otherwise unable to respond to her for the money so received by him knowing it to be hers, she had no equitable claim to the land or lien upon it, or any of the proceeds thereof until the purchase money was all paid. The jury found the land subject; and the error complained of is the charge of the court, and its sequence, that the verdict is against the law of the case. On the question of the vendor's knowledge that the money was the wife's, there is conflict; on the other, of the want of an allegation and proof of his insolvency, there is none. It is not alleged in the plea, nor was it proven or attempted to be proved, that the vendor was insolvent. So that the naked question here, is, was it necessary that Mrs. Boyd should allege and prove Chappell's insolvency, in order to charge this land in this case with her debt against him? In the case of *Humphrey vs. Copeland,* 54 *Georgia Reports,* 543, it was held that a creditor who received the wife's money for a debt due him from the husband, knowing it to be hers, acquires no title thereto. Whether the principle there laid down would apply to this case, it is not necessary to decide. Apparently it would. If so the wife may sue Chappell and recover her money back from him. But the question here is, can she charge this land with it unless all

the purchase money has been paid? Had it all been paid and the title been made to her husband, a trust would have resulted to her, unquestionably, and he would have held the land as her trustee, and she could have asserted her right thereto, at law or in equity under our pleading; but here the title was in Chappell until he made a deed to Boyd under our statute for the purpose of selling the land and making the balance of the purchase money: Code, section 3586. That section of the Code provides that the proceeds of the sale shall be *first* appropriated to the payment of the balance of the purchase money. It is difficult to see what prior right anybody could acquire to land or money so situated and raised, if we regard the plain purport of the statute. If the wife showed that she could get her money in no other way, that the man who owed her was insolvent, that there was nothing out of which he could pay her but this land, and prayed that the money going to him, might be paid to her as the only way of securing her debt, then it strikes us there would be equity in her plea and its prayer. And so, in substance, the court charged, and thereupon the jury found, as they were obliged to do, under the facts, that there was no proof of Chappell's insolvency. We think the charge and the verdict in accordance with the law of the case.

Judgment affirmed.