### LOVELESS *vs.* STRICKLAND.

[WARNER, Chief Justice, was providentially prevented from presiding in this case.]

Where the vendee paid one-half the purchase money and procured defendant to pay the other half, taking title to himself and giving the vendee bond for title on being repaid, and the execution based on the judgment obtained by the defendant for the sum advanced is levied on the land, and an equitable claim is filed by the wife of the vendee setting up that the portion of the purchase money paid by her husband was with her money, and praying that she have half the land, or that it be sold and she first repaid:

*Held*, that in the absence of the charge of notice to the defendant, or of the insolvency of the vendor, the equitable claim was deficient. The case is covered by that of *Boyd vs. Chappell*, 56 *Ga.*, 22. (R.)

Claim. Husband and wife. Before Judge RICE. Gwinnett Superior Court. March Term, 1878.

Reported in the opinion.

WINN & SIMMONS ; J. N. GLENN, for plaintiff in error, cited as follows : Sale of wife's property void, Code, §1783 ; 54 *Ga.*, 543 ; 57 *Ib.*, 207. Claimant not bound to show notice, 1 Chit. Pl., 222, 223. Equitable interest of claim-

Loveless *vs.* Strickland.

ant, Code, §§2316, 3082, 3562; 30 *Ga.*, 96; Hill on Trustees, 92; Code, §3194. Fonb. Eq., 340; Adam's Eq, 151-2; 55 *Ga.*, 445; Code, §3119; 2 Story's Eq. Jur., §788-9; 54 *Ga.*, 690; 48 *Ib.*, 559-60; 1 Bright on Hus. and W., 233-4.

N. L. HUTCHINS, for defendant, cited 56 *Ga.*, 22; Code, §3586.

JACKSON, Justice.

James W. Loveless bought a tract of land at the price of $1,500.00, paying $750.00 therefor, and getting Strickland to pay the balance of the purchase money, and to take the deed to the land to secure him. Strickland gave Loveless a bond to make titles on his paying him the balance of the purchase money, and on his failure to pay recovered judgment, made Loveless title under the statute, and levied the *fi. fa.* upon the land. Whereupon Mrs. Loveless set up an equitable claim to seven hundred and fifty dollars' worth of the land, on the ground that hers was the $750.00 her husband had paid for it, and prayed that she be decreed to have one-half the land, or that it be sold and she be first paid her money. Neither the pleadings nor the evidence offered showed notice to Strickland that the money was the separate estate of the wife, nor was there any allegation of the vendor's insolvency; and the court below held that the equitable plea was insufficient without such allegations, and repelled the claimant's evidence unless she could amend and prove such allegations. This ruling is assigned as error.

The court did not err. The case is covered by the case of *Boyd vs. Chappell*, 56 *Ga.*, 22. The land should be sold and Strickland paid the balance of purchase money, and then if any be left the wife can assert her rights as against her husband, or his creditors on matters outside of the purchase money for this land. The verdict and judgment that the land is subject are right.

Judgment affirmed.