## WILLIAMS *v.* SHUMAN.

1. An equitable petition by a married woman alleged that she and her husband purchased a tract of land for $600, paying $400 thereof, and receiving a bond to make title to them upon the payment of the balance of the purchase-price; that she paid $225 of the purchase-money out of her separate funds; that, for the purpose of selling the property, her husband, without her consent or ratification, obtained from the obligor in the bond a deed conveying the property to him, and thereafter conveyed the land to the defendant in the present action, who took with full knowledge of the facts. The prayer was that an equitable lien upon the land for the sum of $225 be established in her favor, that the property be sold and the proceeds be applied to the payment of that sum, and for general relief. *Held*, that such petition was demurrable.

2. A petition of the character indicated in the preceding headnote was demurrable although the plaintiff by amendment prayed, in the alternative, that, upon the payment to the defendant of the balance due on the purchase-money for a half interest in the land, "which sum petitioner now offers, and is willing to pay," the defendant should be required to execute and deliver to the plaintiff a deed to a half interest therein.

(*a*) The mere statement in the prayer of an offer and willingness on the part of the plaintiff to pay the balance due for a half interest in the land did not amount to an allegation of tender, or present any sufficient excuse for the failure to make a tender, so as to furnish a basis for a prayer for specific performance, if such a remedy would otherwise have been applicable as to an undivided half interest, under the joint bond.

3. An equitable petition by one of two joint obligees in a bond for title, to enforce specific performance as to a half interest in the property against one who it was alleged, with notice of the facts, took a conveyance from the co-obligee in the bond, who in turn obtained a deed from the obligor, purporting to convey the entire title to him, was demurrable on the ground that neither the obligor in the bond nor the co-obligee of the plaintiff was made a party.

4. Such a petition was also subject to special demurrer on the ground that it did not either exactly or approximately allege the date of the purchase by the plaintiff and her co-obligee in the bond.

　　　　　　　　　　　ʹ DECEMBER 11, 1913.

Equitable petition. Before Judge Sheppard. Bryan superior court. November 5, 1912.

*W. H. Boyd,* for plaintiff. *Travis & Travis,* for defendant.

LUMPKIN, J. Mrs. Maydell Williams filed her equitable petition against Mrs. Lottie Shuman. The material allegations are sufficiently stated in the first headnote. The defendant filed a demurrer on general and special grounds, which was sustained, and the plaintiff excepted.

1. The plaintiff sought to establish an equitable lien against the

land for $225, the amount alleged to have been paid by her on the purchase-money, under the bond for title made to her and her husband by one Harn. She prayed that the land be sold and that the proceeds be applied to the payment of that sum. If she had any demand for money, it must have been against the obligor in the bond, as for a breach, or against her husband for a misappropriation of her property, or for money had and received, or against the defendant, Mrs. Shuman, for having taken part in the wrongful appropriation of her property, or on some similar theory. We do not mean to hold that she set out, or could have set out, a good cause of action against any of these parties, on any one or more of these theories. But certainly, under her allegations, she had no claim for a judgment for money to be realized from the land. Neither the obligor in the bond nor the husband of the plaintiff was made a party, nor was a money judgment prayed against the defendant, Mrs. Shuman. None of the parties connected with the transaction were alleged to be insolvent, and no reason appears why an equitable lien should be fixed on the land for the amount which the plaintiff paid or caused to be paid to the original vendor. The plaintiff seems to have proceeded on some general theory that her money partly paid for the land and ought to come out of the land. She wanted the money to be raised by a sale of the land, not by a judgment against whatever person she thought had wronged her or become liable to her. This is not a sound theory. Ordinarily a money demand is against some person. To fix an equitable lien for the demand on property, special equitable circumstances authorizing such action must be alleged. *Boyd* v. *Chappell,* 56 *Ga.* 22. It has been said by the Supreme Court of Michigan that a conveyance by the obligor in a bond for title to one who takes with notice of the bond is not a breach, especially if the grantee understands that he takes subject to the bond. Kreibich *v.* Martz, 119 Mich. 343 (78 N. W. 124). Whether a conveyance to one adversely to the obligee, although the grantee took with notice of the bond, and might be compelled in equity to submit to the bond, would constitute a breach, need not be held. In so far as the plaintiff sought, not to enforce the obligation of the bond, but to have her money restored to her, she showed no claim to have an equitable lien declared against the land.

2. By amendment the plaintiff prayed, in the alternative, that,

upon the payment to the defendant of the balance of the purchase-price for a half interest in the land, "which sum petitioner now offers and is willing to pay," the defendant be required to execute and deliver to the plaintiff a deed to a half interest therein. It was not alleged whether or not the purchase-money was past due, or, if so, that any tender had been made, nor were any facts alleged excusing a tender. A mere statement in the amendment, of an offer to pay or of a willingness to pay, does not take the place of a tender, where specific performance is sought, and no reason excusing tender is alleged.

3. The allegations as to the bond for title are very meagre, but it is stated to have been a joint bond to the plaintiff and her husband. Specific performance of a joint bond can not well be decreed in the absence of the co-obligee as a party. If he was not in a situation to join as a party plaintiff, he could at least be made a party defendant, and be heard in regard to dividing up the subject-matter of the bond. Nor was the obligor made a party defendant.

4. The date of the purchase by the plaintiff and her husband from Harn was not alleged even approximately. This defect was attacked by special demurrer, and was not remedied. *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (52 S. E. 539). By an amendment the plaintiff alleged that the bond for title was not recorded and was destroyed, and that she was therefore unable to set out its terms and conditions more fully. But certainly she could have given some more definite information as to the time when the transaction occurred, than merely placing it within the period of her married life. If she could not allege even substantially what her contract was, she would probably find it difficult to prove its terms so as to enforce them. She relied on her own allegations, and sought no discovery. Ignorance of what contract one has made, even in substance, may be unfortunate, but such want of knowledge on the part of a plaintiff furnishes a court with no very satisfactory basis for enforcing the alleged contract.

There were other grounds of the demurrer; but from what is said above, it is apparent that the court committed no error in dismissing the action.

*Judgment affirmed. All the Justices concur.*