(164 App. Div. 348)

STRATTON v. GRAHAM.

(Supreme Court, Appellate Division, Second Department. November 6, 1914.)

1. ATTORNEY AND CLIENT (§ 98*)—ATTORNEY'S AUTHORITY—RECEIPT OF TENDER.
    While an attorney has general authority to receive tender or payment of a claim on which he has brought suit, special circumstances may exist which limit the attorney's authority so to do.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 190–195, 206–208; Dec. Dig. § 98.*]

2. PLEDGES (§ 44*)—PAYMENT OF DEBT—CONDITIONS—PRESENCE OF PLEDGOR—IDENTIFICATION OF COLLATERAL SECURITY.
    Diamonds having been pledged by defendant to plaintiff as collateral security for a debt, which were described in very general terms in a re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceipt given by plaintiff some eight years before, plaintiff's insistence that defendant be personally present when the diamonds were surrendered on payment of the debt was a reasonable condition, so that a tender of payment to plaintiff's attorney and demand for surrender of the diamonds in defendant's absence was ineffective.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 103–107; Dec. Dig. § 44.*]

Cross-Appeals from Trial Term, Queens County.

Action by E. Platt Stratton against Elizabeth J. Graham. From parts of a judgment of the Supreme Court in favor of plaintiff, discharging his lien on certain real property, there were cross-appeals; and from an order of the court denying his motion for judgment on the pleadings (140 N. Y. Supp. 869), plaintiff appeals. Modified and affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

John W. Weed, of New York City, for plaintiff.
Herbert C. Mason, of New York City, for defendant.

PER CURIAM. To a complaint for money paid out for defendant's use, a cause of action was counterclaimed for the return of certain diamonds alleged to have been deposited and held by plaintiff as collateral security. The answer alleged that the amount of plaintiff's claim, with interest and costs, had been tendered to one of defendant's attorneys, with a demand for a return of the collateral, which the attorney had declined. Upon a motion for judgment on the pleadings, the answer was held good, for such a tender was considered effective to discharge the lien, although made to an attorney, and not to the plaintiff. 140 N. Y. Supp. 869. Upon the trial, however, it appeared that after the action had been brought, and some question of an adjustment raised, one of plaintiff's attorneys wrote to defendant's attorney that the plaintiff was ready to surrender the diamonds to defendant personally:

"He desires to have her personally present when the diamonds are delivered. There is good reason for this, in order that there may be no dispute hereafter touching their delivery."

The letter then stated the amount claimed, with interest and the costs. The court, however, following the decision on the prior motion for judgment, sustained the tender as discharging plaintiff's lien.

[1, 2] Considering that these diamonds were described in very general terms in a receipt taken some eight years before, and the possibilities of questions as to the identity of the stones or of their settings, such a precaution that defendant should receive them herself was not unreasonable. Nevertheless, the following week, a tender of the amount was proffered to the attorney, which he declined, as he had not in his possession the diamonds, the delivery of which was made a condition of the tender. While an attorney has a general authority to receive tender or payment of a claim in suit, it is evident that special circumstances may exist which limit this agency. The present being

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such a case, it follows that, in view of the terms of the prior letter, the so-called tender, without the defendant being present, was ineffective.

The judgment, therefore, must be varied, so far as to make defendant's recovery of possession of the diamonds dependent upon her payment of the amount theretofore adjudged to plaintiff for his debt, interest, and costs, and, as thus modified, the judgment is affirmed, without costs of these appeals to either party.