## LaROCHE *v.* KINCHLO *et al.*

The petition set forth a cause of action, and the court did not err in overruling the general demurrer.

No. 1801. JUNE 18, 1920. REHEARING DENIED AUGUST 17, 1920.

Equitable petition. Before Judge Meldrim. Chatham superior court. December 2, 1919.

Susan Kinchlo et al. brought an equitable petition against I. D. LaRoche, and alleged substantially as follows: The petitioners are residuary legatees under the will of W. H. Stiles, deceased. At the death of Stiles he left a certain described tract of land in Chatham County, Georgia, known as Stiles Park, containing twelve acres, more or less. Under the will of Stiles, Hamilton Hardee was made life-tenant, with the proviso that if Hardee had any children the fee should vest in them. Hardee allowed the property to be sold for taxes on October 1, 1918, and the year has almost expired (lacking one day) in which the property can be redeemed from the purchaser, I. D. LaRoche, who, at the time of filing the petition, is sick in bed, with a doctor attending him who forbids him from having any communication, or from having any business transaction or conversation, with any person; and for that reason the plaintiffs can not tender him in person the money lawfully due to him as the purchaser of the property in controversy. The sum of

$363.72 is due to him as principal and interest on the money paid for the property, and the plaintiffs believe this amount to be right, just, and proper, and tender the same into court; and if the amount tendered is not the exact amount due, they are ready, willing, and able to pay at any time the exact amount when determined, and tender that amount into court. They are without remedy at law, and they pray that the defendant be directed to receive the money as of the date of tender, and that he make, or cause to be made, to the plaintiffs a quitclaim deed to the property described. They also pray for general relief. To this petition the defendant filed a general demurrer, which was overruled, and he excepted.

*Travis & Travis*, for plaintiff in error.

*J. H. Kinckle* and *F. B. Pettie*, contra.

HILL, J. (After stating the foregoing facts.) As against a general demurrer we think the petition set forth a cause of action, and that the court did not err in overruling the demurrer. It is argued that there is no allegation in the petition that the plaintiffs are the children of Hardee, the life-tenant, or that they claim under his children, nor is there any allegation that Hardee did not have any children. The petition alleged that the plaintiffs are the residuary legatees of W. H. Stiles, deceased, and in effect that as such residuary legatees they are entitled to the property. As against a general demurrer we think this is a sufficient allegation, in connection with the other allegations of the petition, to entitle the plaintiffs to the relief sought. If the defendant desired fuller information, he should have demurred specially. It is further argued that it is not alleged that the sum of $363.72 is the amount paid by the defendant for the land, plus the ten per cent. penalty allowed by law, but that this amount is the principal and interest on the money paid by the defendant. The plaintiffs allege that the above amount is the sum, principal and interest, due the defendant as the money paid for the property at the tax sale; and we think, as against a general demurrer, this allegation is sufficient. It is contended by the plaintiff in error that the allegation as to the tender of the amount of money paid by the defendant for the land, with the interest thereon, is not a sufficient allegation of tender; and he cites the case of *Williams* v. *Shuman*, 141 *Ga.* 114 (80 S. E. 625), as supporting his contention that an offer to pay in the petition is not a tender. But the facts of the *Williams* case and the

instant one are different.   Here the plaintiffs allege that they were prevented from making a tender to the defendant, because of his illness on the last day of the year in which they could make the tender; and therefore they allege that they tender the amount due into court, or such other amount as may be found to be due.   We think this allegation, as against a general demurrer, is sufficient.

*Judgment affirmed.   All the Justices concur.*