LaRoche *v.* Liberty Bank & Trust Co.; *et vice versa.*

GILBERT, J.  1. The court did not err in overruling the general demurrer to the petition.  Upon the controlling legal issues involved the questions made are ruled by the decision in *LaRoche* v. *Kinchlo,* 150 *Ga.* 296 (103 S. E. 713).

2. The charge of the court, considered in its entirety, fairly and correctly submitted the issues to the jury, and is not subject to the criticisms made in the motion for a new trial.  The assignments of error on the admission of evidence do not show cause for a reversal.  The verdict is supported by evidence.

*Judgment on main bill of exceptions affirmed.  Cross-bill of exceptions dismissed.  All the Justices concur.*

Nos. 2241, 2242.  APRIL 15, 1921.  REHEARING DENIED MAY 13, 1921.

Equitable petition.  Before Judge Meldrim.  Chatham superior court.  August 9, 1920.

On February 1, 1918, eight tax executions aggregating $1167.55, for the years 1910-1917, were levied by the sheriff on 52 acres of land known as the Stiles farm, the tract having been purchased in former years in parcels of 5 and more acres, and being capable of subdivision; the whole variously valued at from $10,000 to $30,000. Seven of the executions were against the " estate of W. H. Stiles," deceased; that for the year 1917 was against Hamilton Hardee as administrator of the estate of said Stiles.  In October, 1918, the sheriff, after advertisement, sold the land at public outcry under the levy, and executed his deed to LaRoche, the highest bidder, for $1167.55.  On December 20, 1918, the tax-collector issued against Hamilton Hardee, administrator of the estate of W. H. Stiles, an execution for taxes of that year, in the usual form, for $156.20; and this execution was regularly transferred to LaRoche on April 2, 1919, and the execution and transfer were recorded on the same day. To the June term, 1919, of the superior court Hardee, administrator, and one Coff filed a petition against LaRoche and others, alleging that the tax deed was a cloud on the title, etc.; and praying that a trustee be substituted in place of the deceased trustee under

the will of Stiles, and be given authority to borrow money to repay to LaRoche the money he had paid at the tax sale. LaRoche filed his plea, by his attorneys Oliver & Oliver, and prayed that his rights as holder of the legal title under the tax deed be preserved and protected. In September, 1919, the attorney for Liberty Bank and Trust Company, substituted trustee, tendered to Oliver & Oliver $1284.30 as in satisfaction of taxes paid by LaRoche at tax sale of the Stiles property, with request that they have LaRoche sign an enclosed unexecuted form of deed conveying the property to the trustee in fee simple, without warranty, and attach to it a revenue stamp of $1.50. Oliver & Oliver replied that they had no authority from LaRoche to accept the money tendered. The attorney for the bank then tendered the same amount in currency to Mrs. LaRoche (Mr. LaRoche was sick and could not be seen) ; and she declined to receive it and stated that she was not authorized to accept it. Thereupon the administrator and the bank filed a petition for a decree of reconveyance or (in default thereof) cancellation of the tax deed, averring payment of $1284.30 into the registry of the court; and alleging that the tax sale and deed were void for excessive levy, and for the reason that of the eight executions levied only that for taxes of 1917 ($170.70) was valid, the others being void for want of naming a defendant therein. A verdict in favor of the plaintiffs was rendered; and the defendant excepted to the overruling of his demurrer to the petition, and of his motion for new trial. The points made by the assignments of error are as follows:

1. That the petition undertook to set up two separate and distinct causes of action, one upon illegal levy, the other upon tender for redemption of property sold for taxes; the petition not being in separate counts, and the allegations not being arranged as required by law when separate causes are set up in one petition. On this counsel cited Cooper v. Portner Co., 112 Ga. 894 (3), 899.

2. That the verdict was contrary to law and to the evidence. On this counsel argued: (1) That there was no lawful tender before suit; the testimony being to the effect that neither the defendant's wife nor the attorneys who represented him in the previous suit had any authority in regard to the matter of tender, either of acceptance or of refusal, and the attorneys were not authorized to collect any money. (2) That the sum tendered was not sufficient, as it did not include the amount ($156.20) of the execution for taxes of 1918,

which amount was never tendered to any one, nor had it been paid into the registry of court. Counsel cited: Civil Code, §§ 1145, 1146, 1169, 1172, 4322; *Clower* v. *Fleming,* 81 *Ga.* 246; 37 Cyc. 1410; 38 Cyc. 156, 157; Tuthill *v.* Morris, 81 N. Y. 94; Stratton *v.* Graham, 164 App. Div. 348 (149 N. Y. Supp. 662); McGuire *v.* Bradley, 118 Ill. App. 59.

3. That the court erred in giving the following instructions in the charge to the jury, each of which was excepted to: " If you find from the evidence that the value of the property was very greatly larger than the amount of the valid execution levied on it, you would be authorized to find the levy and sale to be void. An execution against the estate of a person is void, and a sale under the same would be void. If you find that the executions for the years 1910 to 1916 were against the estate of Stiles, they would be void, and a levy and sale under them would be void. The execution for the year 1917, being against Hamilton Hardee as administrator of the estate of W. H. Stiles, was valid; but if you find that the levy was excessive, you would be authorized to find that the levy was void and the sale thereunder void." The errors assigned were: (*a*) That the instructions were contrary to law. (*b*) That the court made the validity of the sale depend on whether certain of the executions were void; defendant contending that if one of them was valid, the fact that invalid ones were simultaneously levied would not render the sale void. (*c*) That the charge tended to confuse and mislead the jury. (*d*) That the court did not charge, that, even in case of a sale void for excessive levy, a legal tender must have been made before suit could lawfully be brought. (In other parts of the charge instructions on the subject of tender were given.) Counsel cited: *Montford* v. *Allen,* 111 *Ga.* 18 (3), 23, and cit.; Powell on Actions for Land, § 229; *Miller* v. *Brooks,* 120 *Ga.* 232, 234; *Clower* v. *Fleming,* 81 *Ga.* 247; *Morris* v. *Davis,* 75 *Ga.* 169, and cit.; *Willbanks* v. *Untriner,* 98 *Ga.* 801; *Williamson* v. *White,* 101 *Ga.* 276, and cit.; *Roser* v. *Ga. Loan &c. Co.,* 118 *Ga.* 181, and cit.; *Stark* v. *Cummings,* 119 *Ga.* 35, s. c. 127 *Ga.* 107, and cit.

4. That it was error to admit the testimony showing tender to the defendant's wife and to his attorneys, over the objection that it was irrelevant, because there was no proof of authority to accept or to reject the tender, and because the amount was not sufficient.

*Travis & Travis,* for LaRoche.  *George W. Owens,* contra.