### McLELLAN STORES COMPANY *v.* ROLLINS *et al.*

HILL, J.   Where an equitable suit was brought by two of three joint lessees against the lessor, to compel specific performance of the lease contract, and to recover damages for a breach of the contract by ·the lessor and the third lessee, who, as the petition. alleged, had been released from the contract by the lessor without the consent of the plaintiff lessees, and it was further alleged that the lessor refused to give possession of the leased premises to the plaintiffs (who were not released), unless they would pay the full contract price of the premises leased, such petition was demurrable where the third or released lessee was not made a party to the suit.  *Williams* v. *Shuman*, 141 *Ga.* 114 (3) (80 S. E. 625).   The judgment overruling the demurrer is therefore reversed; but direction is given, that, before the remittitur is made the judgment of the court below, the plaintiffs be permitted to amend by making the third lessee a party defendant; and if this amendment is made, then, after all the proper parties are made, the court may consider and pass upon the other grounds of demurrer.

*Judgment reversed, with direction.   All the Justices concur.*

No. 6163.   MAY 17, 1928.

Equitable petition.   Before Judge Sutton.   Hall superior court. July 2, 1927.

W. A. Rollins and Grady B. Jordon brought their petition against McLellan Stores Company, a corporation, for specific performance of the contract hereinafter set out, and for injunction. The petition makes substantially the following case : The defendant company for over six years conducted a ten-cent store in Gainesville, in the building described in the contract.   The defendant leased the store and building to plaintiffs and to Mrs. W. J. Palmour for the term of the rest of their lease, which ends on December 31, 1930, for a rental of $225 a month.   The contract is as follows: "This agreement made the 17th day of March, 1927, by and between W. A. Rollins, Grady B. Jordon, and Mrs. W. J. Palmour, and the McLellan Stores Company, hereinafter designated the lessor.   McLellan Stores Co. has agreed to rent to parties of the first part the building now occupied by lessor, located on west side of square in the City of Gainesville, State of Georgia, located between the First National Bank and the M. C. Brown property.   Said terms and conditions to be the same as the lease now held by the McLellan Stores Co., under date December 14, 1920; said lease expires 31st day of December, 1930.   The regular form of lease to be drawn by the McLellan Stores Co. This lease to be made as of April 1, 1927, possession of building

to be given March 21, 1927." (Signed by all the parties named.) The owners of the building consented to the sublease at and before plaintiffs and Mrs. Palmour went into possession of the building on March 20, 1927. Mrs. Palmour was in business separate from that of plaintiffs; she was to pay half the rental of said building, and plaintiffs were to pay the other half. A fire occurred on March 22, 1927, which damaged their stock and rendered the building untenantable until it was repaired. Before the building was repaired and ready for occupancy, the defendant released Mrs. Palmour from the contract, without the consent or knowledge of plaintiffs. Mrs. Palmour's liability was then and at all times well known to the defendant to be half of the rental of $225 a month on the building for the rest of the lease ending December 31, 1930. The defendant by the release of Mrs. Palmour made itself liable to plaintiffs for her half of the rent, or to credit the monthly rental by half. The storehouse was not completely repaired and ready for occupancy until June 1, 1927, and on account of the fire damage no rent was due until it was ready for reoccupancy. Plaintiffs demanded possession of the building under the contract, which was refused by the defendant. The defendant breached the contract by releasing Mrs. Palmour, and by refusing to turn over the building to plaintiffs in accordance with the contract after releasing Mrs. Palmour without the consent or permission of plaintiffs. The building is of the rental value of $350 a month for the rest of the lease. Defendant refused to comply with its contract after the release of Mrs. Palmour, on the pretended ground that plaintiffs will not sign a different contract of lease without Mrs. Palmour, and binding plaintiffs to pay all of the $225 a month rent for the rest of the lease. Plaintiffs have an established and growing business, and sell over $40,000 worth of goods a year, with small overhead expense, and with good profit as a business. They have relied on the contract in good faith, and have informed and advertised widely to their customers and the public that they are going back into the building as soon as the repairs are completed; and not to be able to do so, because of defendant's breach of its contract, will irreparably injure and damage the plaintiffs and be a reflection on them and their business, and defendant will force them to move off the square, a public and well-known place, to a side street unknown and unfrequented

part of the town, where their business will be greatly damaged and irreparably injured, unless the defendant is compelled to specifically perform the contract at a charge of half the rental, the part plaintiffs were to pay, as was known by the defendant, the day on which the contract was made and before possession was given to the plaintiffs and Mrs. Palmour under the contract; and the defendant, having released Mrs. Palmour from the contract without the consent of plaintiffs, is bound to bear the loss of her part. Damages in money can not give plaintiffs their rights or remedy their injury, and nothing can give them adequate remedy except specific performance of the contract. Plaintiffs allege certain damages which they have suffered and will suffer on account of the breach of the contract, in the amount of $16,000, if specific performance for any reason is not had.

The defendant demurred, generally and specially, to the petition as amended. One ground of demurrer was that there was a nonjoinder of parties, Mrs. Palmour being a joint contractor in the lease upon which the suit is based. The court overruled the demurrer, and the defendant excepted.

*B. P. Gaillard Jr.*, for plaintiff in error.

*J. G. Collins*, contra.